[No. 42184.   En Banc.   April 13, 1972.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT SATIACUM, *Appellant*.

*Jack E. Tanner*, for appellant.

*Ronald L. Hendry, Prosecuting Attorney, Joseph D. Mladinov, Special Counsel*, and *Eugene G. Olson, Chief Criminal Deputy*, for respondent.

FINLEY, J.—This is an appeal from a conviction for the wasting of food fish in violation of RCW 75.12.120. On July 29, 1970, Robert Satiacum, a member of the Puyallup Indian Tribe, was arrested while fishing in the Puyallup River Salmon Preserve. He was subsequently charged with (1) possessing salmon taken from a salmon preserve for commercial purposes, (2) unlawful waste or destruction of food fish, prohibited by RCW 75.12.120, and (3) unlawfully carrying a firearm. At trial, the court granted defendant Satiacum's motion to dismiss charges (1) and (3), but denied the motion as to charge (2). Defendant also moved to suppress any and all evidence against him and to dismiss the information on the ground that the trial court lacked jurisdiction in the matter. Both motions were denied. The jury found the defendant guilty of unlawful waste or destruction of food fish. On November 17, 1970, the trial court denied defendant's motion for a new trial and imposed sentence, fining Mr. Satiacum $75 and court costs. He has appealed.

Appellant first contends that the trial court erred in failing to dismiss the information in this case for lack of jurisdiction. Though his brief on appeal provides neither authority nor reasoning to support his contention, he claims that our statement in *Department of Game v. Puyallup Tribe, Inc.*, 70 Wn.2d 245, 422 P.2d 754 (1967), that the Puyallup Indian Reservation has ceased to exist, is wrong. We do not agree. For purposes of determining the jurisdiction of state or federal courts, the Puyallup Indian Reservation *has* ceased to exist. The lands which consti-

tuted the reservation (with the exception of two small tracts presently being used as cemeteries totaling 22 out of the original 18,000 acres) have been sold to non-Indian citizens of this state pursuant to Act of April 28, 1904, ch. 1816, 33 Stat. 565 (1904), which authorized the Indians to convey their alloted lands in fee simple free of all restrictions. Regardless of whether the reservation has been officially and finally terminated by act of Congress, we are convinced that the federal jurisdiction made applicable to "Indian Country" by 18 U.S.C.A. § 1152 has ceased to exist because the Puyallup Indians have sold virtually all of their lands, and because any distinct Indian community recognized and treated as such by the United States government has ceased to exist. *See United States v. Sandoval,* 231 U.S. 28, 46, 58 L. Ed. 107, 34 S. Ct. 1 (1913).

Since the Indian lands have been sold and an Indian community no longer exists within the boundaries of the former Puyallup Indian Reservation, the State of Washington may, under the circumstances of this case, exercise its police power jurisdiction over Mr. Satiacum, a Puyallup Indian, in common with its jurisdiction over all other citizens of this state. In *Seymour v. Superintendent of State Penitentiary,* 368 U.S. 351, 7 L. Ed. 2d 346, 82 S. Ct. 424 (1962), the United States Supreme Court overruled our decision supporting state court jurisdiction over a burglary committed in the Colville Indian Reservation. The result we reach in the instant case is consistent with the ultimate decision in *Seymour,* since in that case it appears that a recognizable Indian community had continued to exist on the reservation land, and the continued existence of that reservation and of federal jurisdiction over it had been implicitly recognized in several subsequent congressional enactments.

Appellant also contends that the trial court erred in refusing to grant his motion to suppress all the evidence against him in this case because he had not committed a crime of any kind at the time of his arrest. Again, there is no argument or legal authority in appellant's brief to sup-

port this contention. It is appellant's burden and obligation to examine the record and to present to this court any possible grounds upon which it might be said that "appellant had not committed a crime of any kind at the time of his arrest." He has not done so; in fact, all the evidence we find in the record supports his conviction.

■ We note in passing that if appellant's contention is that he did not commit a crime because he was merely exercising the fishing rights guaranteed to him by the Medicine Creek Treaty, any such contention is without merit in this case. The right to fish "in common with all citizens of the Territory" guaranteed by that treaty does not include the right wantonly to waste food fish. There can be no doubt that prohibition of the wasting of food fish is a conservation measure which is "reasonable and necessary to preserve the fishery," and is well within the police power of the State of Washington. *Department of Game v. Puyallup Tribe, Inc., supra* at 261.

HAMILTON, C.J., ROSELLINI, HUNTER, HALE, NEILL, STAFFORD, WRIGHT, and UTTER, JJ., concur.

Petition for rehearing denied July 19, 1972.